UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D

Oct. 9, 2025

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

QUEEN NAJA,                              )
                Plaintiff,               )
                                         )
        v.                               )        Civil Action No. 3:25CV153 (RCY)
                                         )
EQUITABLE INTEREST AND                   )
PROPERTY OF NAJA TALIBAH ZAHIR,          )
                Defendant.               )
_____ )

**MEMORANDUM OPINION**

On July 17, 2024, Plaintiff Queen Naja[1] ("Plaintiff"), appearing *pro se*, filed a Motion to Proceed *in forma pauperis* ("IFP Motion"),[2] along with a proposed Complaint. IFP Mot., ECF No. 1; Proposed Compl., ECF No. 1-1. Based on the financial information set forth in Plaintiff's IFP Motion, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Motion, ECF No. 1, is **GRANTED**, and the Clerk is **DIRECTED** to file Plaintiff's Complaint. However, the Court finds that Plaintiff's Complaint suffers from defects that must be addressed before this action may proceed.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro se*

---

[1] Plaintiff appears to be a prolific filer in the Eastern District of Virginia and has been previously admonished for her "frivolous litigation conduct" and advised that if she "continue[s] to abuse the judicial process…, [she] may be subject to sanctions, including a pre-filing injunction." *Naja v. Zahir*, No. 3:21-cv-361, 2021 WL 5348671 (E.D. Va. Nov. 16, 2021).

[2] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Motion."

complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the Court has an independent obligation to screen for the existence of jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative . . . . [Federal] Rule [of Civil Procedure]12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). Pursuant to § 1915's statutory screening obligation and with an eye towards its jurisdictional limitations, the Court has reviewed Plaintiff's Complaint.

## I. BACKGROUND[3]

As best the Court can discern, this is an action for breach of contract and enforcement of a security agreement. Plaintiff characterizes herself as the "authorized representative" of Naja Talibah Zahir, whom Plaintiff identifies as "debtor." ECF No. 1-1 at 1. Plaintiff asserts that she is entitled to "equitable relief" for "labor and performance for contracts written between the debtor and other persons, for use as collateral on those contracts without compensation and collateral damages from those contracts." *Id.* Plaintiff alleges that on October 12, 2021, "a security agreement was made between Queen's Equity Private Trust, 'secured party', and NAJA TALIBAH ZAHIR, 'debtor', placing a $500,000,000,000 lien against the property and interest of the debtor." *Id.* This lien purportedly was amended on July 6, 2023, and the interest was thereafter assigned to the Bime Royal Bank & Trust. *Id.* Plaintiff claims that the lien "remains unpaid." *Id.* Attached to Plaintiff's Complaint are various financing statements and security agreements which

---

[3] Plaintiff filed several letter motions, notices, and addenda to her Complaint during the pendency of her IFP Motion. Pursuant to the Court's § 1915(e)(2) screening obligations, the Court will focus solely on the sufficiency of the operative complaint. As such, Plaintiff's other filings, ECF Nos. 2-17, will not be considered in the Court's analysis.

provide the addresses of the purported "debtor" and "secured party creditor."  These addresses both match Plaintiff's address, which she has provided in her numerous filings in this action.

Plaintiff's Complaint goes on to provide an "itemized review of her claims." *Id.*  Plaintiff provides several instances in which she claims to have "performed for a contract as collateral" between various entities and the debtor, pursuant to her role as "authorized agent" for the "debtor," and has done so without compensation.  *See id.* 2-3.  Plaintiff does not articulate what this purported performance for the contract entails.

Plaintiff seeks "equitable relief" to "liquidate [her] equitable interest to the fullest extent in all debtor's property, trusts, contracts public or private, bonds and securities interest, [and] restitution…." *Id.* at 4.

## II. LACK OF JURISDICTION

The Court finds that Plaintiff has failed to plead facts giving rise to this Court's subject matter jurisdiction, and therefore, the Complaint must be dismissed.

Plaintiff's Complaint asserts that the action is properly before the Court on the basis of federal question jurisdiction and further states that the Court has "subject matter jurisdiction" pursuant to "28 USC 1367."[4]  *See* ECF No. 1-1 at 3.  Beyond this threadbare assertion that the Court has federal question and supplemental jurisdiction over her claims, Plaintiff's Complaint fails to identify any specific federal statutes or Constitutional provisions which would establish

---

[4] 28 U.S.C. § 1367 provides for supplemental jurisdiction in federal court and states as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

federal question jurisdiction.[5]  *See* 28 U.S.C. § 1331.  Without this source of original jurisdiction established, the Court has no basis upon which to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367.  Unfortunately for Plaintiff, even when liberally construed, the allegations in the Complaint fail to articulate any facts or law from which this Court could discern any valid cause of action, notwithstanding Plaintiff's assertion of federal question and supplemental jurisdiction.

Because the facts in the Complaint fail to establish grounds for any federal claim or other basis for jurisdiction, the Court must dismiss the Complaint.  *See Joyner v. Prince William Cnty. Circuit Court*, 2023 U.S. Dist. LEXIS 41010, at *5 (E.D. Va. March 10, 2023) ("While the Court must construe *pro se* complaints liberally, '[p]rinciples requiring generous construction of pro se complaints are not . . . without limits.'  Plaintiff bears the burden to establish federal jurisdiction over [her] claims." (internal citations omitted) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).  Moreover, because more fulsome pleading could not cure this defect, amendment would be futile and thus the Court does not grant leave to amend.  *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

---

[5] Though Plaintiff briefly references the Thirteenth Amendment in her Complaint, *see* ECF No. 1-1 at 2, simply mentioning a constitutional amendment does not amount to a cognizable claim.  Plaintiff could assert a violation of her constitutional rights via 42 U.S.C. § 1983, but this would require governmental action, which she does not allege.  As such, Plaintiff fails to assert a federal question upon which the Court may exercise its jurisdiction over her claims.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application, ECF No. 1, is **GRANTED** and the Clerk is **DIRECTED** to file the Complaint (ECF No. 1-1). However, given the Court's holding that it is without subject matter jurisdiction over the controversy, this action is hereby **DISMISSED** without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Roderick C. Young
United States District Judge

Date: October 9, 2025
Richmond, Virginia